| | |
|---|---|
| NORMA HOWARD, as Personal Representative for the Estate of George Howard III, GEORGE HOWARD IV and ANTHONY CEJA, Beneficiaries to the Estate of George Howard III,<br><br>          Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF DEFENSE, UNITED STATES ARMY, UNITED STATES ARMY DIVISION OF MORALE, WELFARE AND RECREATION, PADI WORLDWIDE CORPORATION, A For Profit Corporation, PADI AMERICAS, INC. A For Profit Corporation, JOHN GEMIN and JANE DOE GEMIN and the marital community composed thereof, and JOHN DOES 5-20,<br><br>          Defendants. | NO. 3:25-cv-05343-GJL<br><br>DEFENDANTS PADI WORLDWIDE CORPORATION AND PADI AMERICAS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT |

      Defendants PADI Worldwide Corporation and PADI Americas, Inc., (collectively "Defendants PADI") answer Plaintiff's Complaint as follows:

//

**I.**

Plaintiff's preamble provides no averments requiring a response. Defendants PADI deny to the extent a response is required.

1.1     This paragraph is not addressed to Defendants PADI and further contains legal conclusions that do not necessitate a response. No response is thus provided. To the extent a response is required, Defendants PADI lack sufficient information to admit or deny and therefore deny the same.

1.2     This paragraph contains legal conclusions that do not necessitate a response.

1.3     The first amended complaint names one Plaintiff, to wit, Norma Howard as the personal representative of the Estate of George Howard III; beneficiaries to an estate may not bring a wrongful death claim. *See* RCW 4.20.010. Defendants PADI lack sufficient information to admit or deny the residency of Ms. Howard or the residency of any beneficiaries to George Howard IV's estate. Defendants PADI admit that Mr. Howard IV died within the Western District of Washington. In all other respects, Defendants PADI deny.

**II.     PARTIES**

2.1     Defendants PADI lack sufficient information to admit or deny this allegation and therefore deny the same.

2.2     This paragraph is not addressed to Defendants PADI and no response is therefore provided. To the extent a response is required, Defendants PADI lack sufficient information to admit or deny and therefore deny the paragraph in full.

2.3     This paragraph is not addressed to Defendants PADI and no response is therefore provided. To the extent a response is required, Defendants PADI lack sufficient information to admit or deny and therefore deny the paragraph in full.

2.4     The first amended complaint names one Plaintiff, to wit, Norma Howard as the personal representative of the Estate of George Howard IV; beneficiaries to an estate may not

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

bring a wrongful death claim. *See* RCW 4.20.010. Defendants PADI lack sufficient information to admit or deny the beneficiaries to the Estate of George Howard IV or the residency of any beneficiaries.

2.5     Defendant PADI Worldwide admits that it is a for-profit corporation with its principal place of business in California. Defendant PADI Worldwide lacks sufficient information to admit or deny the balance of this paragraph due to its vague wording and therefore denies the same.

2.6     Defendant PADI Americas admits that it is a for-profit corporation with its principal place of business in California. Admit Defendant PADI Americas is a subsidiary of Defendant PADI Worldwide. Defendants PADI lack sufficient information to admit or deny the balance of this paragraph due to its vague wording and therefore deny the same.

2.7     To the extent the allegations of this paragraph call for a legal conclusion, no response is required. Otherwise, Defendants PADI lack sufficient information to admit or deny the balance of this paragraph due to its vague wording and therefore deny the same.

2.8     Defendants PADI lack sufficient information to admit or deny this allegation and therefore deny the same.

2.9     Admit Defendant JBLM Scuba was a PADI Five Star Dive Center professional business that engaged in the retail sale of PADI courses and course materials. Defendants PADI deny any allegation that Defendants JBLM Scuba or John Gemin were agents of Defendants PADI or that Defendants PADI are vicariously liable for the actions of Defendants JBLM Scuba or John Gemin. In all other respects, this paragraph is denied in full.

2.10     This paragraph is not addressed to Defendants PADI and no response is therefore provided. To the extent a response is required, Defendants PADI lack sufficient information to admit or deny and therefore deny the paragraph in full.

DEFENDANTS PADI WORLDWIDE CORPORATION
AND PADI AMERICAS, INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT - 3

**Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1    2.11    This paragraph is not addressed to Defendants PADI and no response is therefore

2    provided. To the extent a response is required, Defendants PADI lack sufficient information to

3    admit or deny and therefore deny the paragraph in full.

4    2.12    This paragraph is not addressed to Defendants PADI and no response is therefore

5    provided. To the extent a response is required, Defendants PADI lack sufficient information to

6    admit or deny and therefore deny the paragraph in full.

7    2.13a-e    This paragraph is not addressed to Defendants PADI and no response is

8    therefore provided. To the extent a response is required, Defendants PADI lack sufficient

9    information to admit or deny and therefore deny the paragraph in full.

10    2.14    This paragraph provides no averments requiring a response.

11    **III.    FACTS**

12    3.1    Defendants PADI reassert and incorporate by reference all preceding paragraphs

13    as if fully restated herein.

14    3.2    Defendants PADI lack sufficient information to admit or deny this allegation

15    and therefore deny the same.

16    3.3    Defendants PADI lack sufficient information to admit or deny this allegation

17    and therefore deny the same.

18    3.4    Defendants PADI lack sufficient information to admit or deny this allegation

19    and therefore deny the same.

20    3.5    Admit on or about May 14, 2022, John Gemin was a PADI certified scuba

21    diving instructor. Defendants PADI lack sufficient information to admit or deny the remaining

22    allegations and therefore deny the same.

23    3.6    Defendants PADI lack sufficient information to admit or deny this allegation

24    and therefore deny the same.

25

DEFENDANTS PADI WORLDWIDE CORPORATION
AND PADI AMERICAS, INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT - 4

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1    3.7    Defendants PADI lack sufficient information to admit or deny this allegation
2    and therefore deny the same.

3    3.8    Defendants PADI lack sufficient information to admit or deny this allegation
4    and therefore deny the same.

5    3.9    Admit the decedent died in American Lake in Pierce County, Washington, on
6    May 14, 2022. Defendants PADI lack sufficient information to admit or deny the cause or
7    manner of the decedent's death and therefore denies the same.

8    3.10    Defendants PADI deny they operate any PADI 5 Star Dive Centers or "Dive
9    Shops" but admit that, as of May 14, 2022, JBLM Scuba held a membership as a PADI 5 Star
10   Dive Center. Defendants PADI deny any allegation that Defendants JBLM Scuba or John
11   Gemin were agents of Defendants PADI or that Defendants PADI are vicariously liable for the
12   actions of Defendants JBLM Scuba or John Gemin.

13   3.11    Admit that on May 14, 2022, Defendant JBLM Scuba was a PADI Five Star
14   Dive Center professional business that engaged in the retail sale of PADI courses and course
15   materials to its student divers. Defendants PADI deny any allegation that Defendants JBLM
16   Scuba or John Gemin were agents of Defendants PADI or that Defendants PADI are
17   vicariously liable for the actions of Defendants JBLM Scuba or John Gemin. Defendants PADI
18   lack sufficient information to admit or deny the balance of this paragraph due to its vague
19   wording, i.e., the reference to unidentified "Dive Shops," and therefore denies the same.

20   3.12    Defendants PADI lack sufficient information to admit or deny this allegation
21   and therefore deny the same.

22   3.13    Admit that PADI 5 Star Dive Centers are expected to use and comply with the
23   PADI standards and system of diver education in offering diving courses. Defendants PADI
24   deny any allegation that Defendants JBLM Scuba or John Gemin were agents of Defendants

25

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

PADI or that Defendants PADI are vicariously liable for the actions of Defendants JBLM or John Gemin.

3.14    Defendants PADI lack sufficient information to admit or deny this allegation and therefore deny the same.

3.15    Denied.

## IV.    CAUSE OF ACTION
### (All Plaintiff against All Defendants)
### Negligence and Gross Negligence (Common Law; 28 U.S. Code § 2674)

4.1    Defendants PADI reassert and incorporate by reference all preceding paragraphs as if fully restated herein.

4.2    This paragraph is not addressed to Defendants PADI and no response is therefore provided. To the extent a response is required, Defendants PADI lack sufficient information to admit or deny and therefore deny the paragraph in full.

4.3    Denied.

4.4    Denied.

4.5    Denied.

4.6    Denied.

4.7    Denied.

4.8    Denied.

4.9    Denied.

4.10    Denied.

4.11    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

**FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

4.12    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.13    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.14    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.15    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.16    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.17    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.18    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.19    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.20    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.21    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

4.22    Denied as to Defendants PADI. Defendants PADI lack sufficient information to admit or deny the balance of the allegations in this paragraph and therefore deny the same.

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1    4.23    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

2 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

3    4.24    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

4 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

5    4.25    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

6 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

7

8    4.26    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

9 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

10    4.27    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

11 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

12    4.28    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

13 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

14

15    4.29    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

16 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

17    4.30    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

18 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

19    4.31    Denied as to Defendants PADI. Defendants PADI lack sufficient information to

20 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

21

22    4.32    Defendants PADI lack sufficient information to admit or deny this allegation

23 and therefore deny the same.

24    4.33    Defendants PADI lack sufficient information to admit or deny this allegation

25 and therefore deny the same.

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1    4.34    Defendants PADI lack sufficient information to admit or deny this allegation
2  and therefore deny the same.

3    4.35    Defendants PADI lack sufficient information to admit or deny this allegation
4  and therefore deny the same.

5    4.36    Denied.

6    4.37    Denied.

7    4.38    Denied.

8    4.39    Denied.

9    4.40    Denied as to Defendants PADI. Defendants PADI lack sufficient information to
10 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

11   4.41    Denied as to Defendants PADI. Defendants PADI lack sufficient information to
12 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

13   4.42    Denied as to Defendants PADI. Defendants PADI lack sufficient information to
14 admit or deny the balance of the allegations in this paragraph and therefore deny the same.

## V.    DAMAGES

5.1    Defendants PADI reassert and incorporate by reference all preceding paragraphs
as if fully restated herein.

5.2    Denied as to Defendants PADI. Defendants PADI lack sufficient information to
admit or deny the balance of the allegations in this paragraph and therefore deny the same.

5.3    Denied as to Defendants PADI. Defendants PADI lack sufficient information to
admit or deny the balance of the allegations in this paragraph and therefore deny the same.

5.4    Denied as to Defendants PADI. Defendants PADI lack sufficient information to
admit or deny the balance of the allegations in this paragraph and therefore deny the same.

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1   5.5     Denied as to Defendants PADI. Defendants PADI lack sufficient information to

2   admit or deny the balance of the allegations in this paragraph and therefore deny the same.

3               **VI.     PLAINTIFF'S RELIEF SOUGHT**

4       Defendants PADI deny in full Plaintiff's request for relief.

5                                   * * * *

6                       **AFFIRMATIVE DEFENSES**

7           As further answer to the Plaintiff's Complaint, and in order to preserve the right to assert

8   affirmative defenses at trial, Defendants PADI hereby notifies Plaintiff that they are pleading all

9   theories of defense available pursuant to law.  Based on the information now available, and

10  pursuant to FRCP 8, 11, and 12, Defendants PADI generally deny Plaintiff's causes of action

11  and damages, and reserves the right to assert affirmative defenses including but not limited to

12  the following:

13      1.      Failure to name a proper party, indispensable party, or third-party at fault;

14      2.      Failure to state one or more claims upon which relief can be granted;

15      3.      Contributory negligence/comparative fault;

16      4.      Pre-existing condition;

17      5.      Failure to mitigate damages;

18      6.      Consent and assumption of risk;

19      7.      Plaintiffs' claims are barred and/or limited by the decedent's valid and

20  enforceable liability release and assumption of risk agreement;

21      8.      Plaintiffs' claims are barred and/or limited by the decedent's valid and

22  enforceable Non-Agency Disclosure and Acknowledgment Agreement (see Exhibit 1 to

23  Defendants PADI's answer);

24      9.      Superseding/Intervening Cause;

25

DEFENDANTS PADI WORLDWIDE CORPORATION
AND PADI AMERICAS, INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT - 10

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

10.     To the extent Plaintiff is successful in proving any claims, Defendants are liable only for their proportionate share of the total damages, if any.  To the extent that any entity or person contributed to Plaintiff's injuries and damages, and was at fault in doing so, Defendants requests that liability be apportioned according to the percentage of fault of Plaintiff and any other persons, parties, or third parties. Defendants further expressly reserve the right, in the event that Plaintiff settles or has already settled with other persons, parties, or third parties, to seek a credit and setoff for any proportionate negligence that the jury shall attribute to the settling parties.

Defendants reserve the right to amend this Answer, and to assert additional affirmative defenses, third-party claims, counterclaims, and cross-claims as discovery in this matter is conducted, as well as the right to assert additional claims or actions against other parties, whether in this lawsuit or not as the facts develop.

Defendants assert the above affirmative defenses in order to preserve the right to assert these matters at trial. Upon completion of discovery, and based upon the facts learned during discovery and investigation, Defendants may withdraw any of these affirmative defenses as may be appropriate.

## **PRAYER FOR RELIEF**

Having fully answered Plaintiff's Complaint for Damages, Defendants PADI pray for the following relief:

1.  Plaintiff take nothing hereby;

2.  That Plaintiff's Complaint be dismissed with prejudice;

3.  That costs and attorneys' fees be awarded to Defendants PADI; and,

4.  Defendants PADI further prays for any other relief deemed just and appropriate by the Court.

//

Fain Anderson VanDerhoef Rosendahl
O'Halloran Spillane, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

DATED this 10th day of September, 2025.

Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC


By: _s/ Eron Z. Cannon_
      Eron Z. Cannon, WSBA #42706
      Attorney for Defendants PADI Worldwide
      Corporation and PADI Americas, Inc.
      3131 Elliott Avenue, Suite 300
      Seattle, WA 98121
      (206) 749-0094
      eron@favros.com


By: _s/ Jesse C. Williams_
      Jesse C. Williams, WSBA #35543
      Attorney for Defendants PADI Worldwide
      Corporation and PADI Americas, Inc.
      3131 Elliott Avenue, Suite 300
      Seattle, WA 98121
      (206) 749-0094
      jesse@favros.com

Fain Anderson VanDerhoef Rosendahl
O'Halloran Spillane, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Counsel for Plaintiffs*
Cameron J. Pearson
IDDINS Law Group PS
25052 104TH AVE. SE, STE. B
KENT, WA 98030
cameron@iddinslaw.com
starsha@iddinslaw.com

*Counsel for Defendant Grover*
Karen Kay
Crowley & Kay, Inc., P.S.
524 Tacoma Ave S
Tacoma, WA 98402-5416
Phone: (253) 383-4704
karen@524law.com

*Counsel for Defendant Gemin*
Audrey M. Airut Murphy
Amanda Gabrielle Butler
Keating Bucklin & McCormack, Inc., P.S.
1201 3rd Ave Ste 1580
Seattle, WA 98101-3093
Phone: (206) 949-3185
amurphy@kbmlawyers.com
abutler@kbmlawyers.com

Signed at Seattle, Washington this 10th day of September, 2025.

*/s/Chloe Lynch*
Chloe Lynch, *Legal Assistant*

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194