UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORMA HOWARD, as Personal Representative for the Estate of George Howard III, GEORGE HOWARD IV and ANTHONY CEJA, Beneficiaries to the Estate of George Howard III,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF DEFENSE, UNITED STATES ARMY, UNITED STATES ARMY DIVISION OF MORALE, WELFARE AND RECREATION, PADI WORLDWIDE CORPORATION, A For Profit Corporation, PADI AMERICAS, INC. A For Profit Corporation, JOHN GEMIN and JANE DOE,<br><br>　　　　　　　Defendants. | Case No. 3:25-cv-05343-TMC<br><br>ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS |

## I.    INTRODUCTION

This case arises from the death of George Howard III ("Mr. Howard") during a scuba diving class held on Joint Base Lewis-McChord ("JBLM"). Before the Court is a motion to dismiss by defendants United States of America; Department of Defense; United States Army; and United States Army Division of Morale, Welfare, and Recreation (collectively "Federal Defendants"). Dkt. 30. The Federal Defendants contend that the complaint should be dismissed

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS** - 1

because Plaintiffs have named improper defendants; failed to exhaust administrative remedies for the claims brought by Mr. Howard's children; and failed to file their lawsuit against the United States within the time allowed under the Federal Tort Claims Act ("FTCA").

Plaintiffs have not contested the Federal Defendants' arguments on the proper defendants or the exhaustion of remedies by Mr. Howard's children. The Court therefore DISMISSES WITH PREJUDICE (1) all claims against the Department of Defense, the United States Army, and the Division of Morale, Welfare, and Recreation; and (2) all claims brought by plaintiffs George Howard IV and Anthony Ceja against the United States.

The United States is also correct that plaintiff Norma Howard ("Ms. Howard") failed to file her lawsuit against the United States within the time provided by the FTCA after the United States denied her administrative claim. But because Ms. Howard could conceivably allege facts entitling her to equitable estoppel, the Court concludes that she should be given leave to amend her complaint. Ms. Howard's claims against the United States are therefore DISMISSED WITHOUT PREJUDICE. If Ms. Howard wishes to amend her complaint to plead equitable estoppel, she must do so no later than June 12, 2026.

## II.    BACKGROUND

**A.    The incident**

On May 14, 2022, Mr. Howard participated in a scuba class held at American Lake on JBLM, a military base near Tacoma, Washington. *See* Dkt. 14 ¶ 3.2. The class was run by defendant John Gemin, who owned J&K Scuba, LLC, which did business as JBLM SCUBA. *Id.* ¶ 2.7. During the class, several students "complained of broken gear." *Id.* ¶ 3.6. During a dive in American Lake, Mr. Howard gave Gemin a signal that he was out of air. *Id.* ¶¶ 3.2, 3.7. Mr. Howard drowned after Gemin was unable to help him surface in time. *Id.* ¶¶ 3.8–3.9.

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS - 2

**B.      Ms. Howard's administrative claim**

On August 1, 2023, Ms. Howard, former wife of Mr. Howard and representative of his estate, filed an administrative claim with the Army. Dkt. 31-1 at 3. On October 19, an attorney within the U.S. Army Claims Service wrote Plaintiffs, representing that

> the scuba instructor, Mr. John Gemin, was not a federal government employee on the date this incident occurred. Mr. Gemin was an independent contractor who provided scuba instruction pursuant to the terms of a non-personal services contract. By the terms of that contract, he agreed to hold the federal government harmless for any loss and he was required to maintain liability insurance.

Dkt. 31-2 at 2. On May 22, 2024, the U.S. Army Claims Service issued a "final administrative action" on Ms. Howard's claim, denying it because

> under the FTCA, the United States does not waive sovereign immunity for torts arising from the negligent acts or omissions of its independent contractors. . . In this case, the federal government hired a private contractor, J&K Scuba LLC, to teach a scuba diving course at the Northwest Adventure Center on JBLM. Mr. John Gemin is the owner of J&K Scuba LLC. The J&K Scuba LLC contract was a non-personal services contract. Pursuant to the terms of the contract, Mr. Gemin was not under the supervision of any federal government employees, he received payment pursuant to the terms of the contract, he received no benefits, and he was required to maintain insurance for any injuries that occurred during the class. Furthermore, he agreed to hold the federal government harmless in the event of an adverse tort judgment. Therefore, Mr. Gemin was not covered by the FTCA when Mr. Howard's death occurred.

Dkt. 31-3 at 2.

**C.      Coordinating the inspection of the scuba gear**

On May 1, 2024, Counsel for Plaintiffs emailed counsel for the Army (with counsel for Gemin copied), seeking to coordinate a time to examine the scuba gear Mr. Howard used on the day he died, after learning from "Pierce County Sheriff's office that the gear was returned to the military without any testing, examination or photos being taken." Dkt. 37-1 at 27. The Army "agreed only to visual inspection of the equipment." *Id.* at 18. The parties struggled for months to secure an agreeable date for the visual inspection of the scuba gear, but they eventually agreed

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS - 3**

upon September 25. *Id.* at 12–14. On September 4, counsels for Plaintiffs and Gemin asked counsel for the Army

> whether, a formal binding stipulation from Plaintiff and the Defendants that the Military and JBLM Scuba would not be brought into or involved in this case as parties, would make any difference to the determination that the inspection will be visual only.

*Id.* at 11. Counsel for Gemin further explained that

> Mr. Pearson and I do not intend and have no plans to involve either the Military or JBLM Scuba as a party in this wrongful death litigation. We do not believe the Military or JBLM Scuba has any liability or responsibility for the incident. We are both willing to execute a formal binding stipulation confirming this which the Military and JBLM Scuba could rely on. We could also have language in the stipulation that immunizes and protects the Military and JBLM Scuba from any liability for anything that takes place during the inspection.

> Additionally, if agreeable to you, we would be willing to take custody of the dive equipment for safe keeping and would preserve it as is so it could be brought to trial. The gear would be returned afterwards to the military or JBLM Scuba.

*Id.* at 11–12. Counsel for the Army asked for a few days to "run this up the ladder," but months passed while the attorneys discussed scheduling and the proposed terms of a stipulation. *See id.* at 4–11. On December 2, 2024, counsel for Gemin sent counsel for the Army the proposed stipulation, the discussion continued through at least January 7, 2025. *Id.* at 2, 4.

**D.    Civil case commences**

While the parties negotiated the inspection of the scuba gear, Ms. Howard, as a representative of Mr. Howard's estate, as well as Mr. Howard's sons Howard IV and Ceja, filed a complaint in Pierce County Superior Court on November 18, 2024. Dkt. 1-3 at 2. The defendants included Gemin and J&K Scuba, as well as unknown "John Does 1–20," but not the Federal Defendants. *Id.*

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS - 4**

On April 18, 2025, Plaintiffs learned that the Army owned the scuba gear Mr. Howard used on the day of the incident. Dkt. 35 ¶ 9.

On April 23, 2025, Gemin removed the Pierce County case to this Court under 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Dkt. 1. On August 7, 2025, Plaintiffs moved for leave to amend their complaint to "substitute" the Federal Defendants in place of the John Does. *See* Dkt. 12 at 3. The Court granted the motion, and Plaintiffs filed their amended complaint on August 27, 2025. Dkt. 14. The Federal Defendants have now moved to dismiss. Dkt. 30.

### III.     LEGAL STANDARDS

**A.     Rule 12(b)(1)**

A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Such challenges may be either "facial" or "factual." "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* When, as here, the Court considers factual attacks on subject matter jurisdiction, plaintiffs "must present 'affidavits or any other evidence necessary to satisfy [their] burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (alteration in original) (quoting *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter

jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**B.    Rule 12(b)(6)**

A party's motion to dismiss for failure to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the Court may dismiss a complaint that fails to present an identifiable legal theory or provide sufficient facts to support a valid legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

A complaint does not need "detailed" facts to survive a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it must contain facts that, if "accepted as true," can plausibly support a claim "on its face." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). A claim is plausible "on its face" if the facts provided allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* (quoting *Iqbal*, 556 U.S. at 678). But the Court does not assume the truth of legal conclusions presented as facts, *see Twombly*, 550 U.S. at 555, and mere conclusory statements are not enough to support a claim. *Iqbal*, 556 U.S. at 678.

### IV.    DISCUSSION

Plaintiffs allege that Mr. Howard's death is the result of the Federal Defendants' negligence in maintaining the scuba gear he used. Dkt. 14 ¶¶ 4.2, 4.35, 4.41. The Federal Defendants make three arguments as to why the Court should dismiss the claims against them. The Court will consider each in turn.

**A.    Improper defendants**

The Federal Defendants argue that because the claims are brought under the FTCA, the United States is the only proper defendant, and the other federal entities must be dismissed. Dkt. 30 at 6. Plaintiffs do not respond to this argument.

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS - 6

"The United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995); *Morvay v. U.S. Coast Guard*, 905 F.2d 1540 (9th Cir. 1990). As a result, the Court grants the Federal Defendants' motion to dismiss all claims against the Department of Defense, the Army, and the Division of Morale, Welfare and Recreation with prejudice.

**B.     Exhaustion**

The Federal Defendants argue that the FTCA claims brought by both Howard IV and Ceja must be dismissed because they failed to administratively exhaust their claims before bringing them to federal court. Dkt. 30 at 7. Plaintiffs do not respond to this argument.

Before a plaintiff can file an FTCA action in federal court, they must exhaust the administrative remedies for their claim. *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing 28 U.S.C. § 2675(a)). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *Id.*; 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

Because Mr. Howard died on May 14, 2022, both Howard IV and Ceja had until May 14, 2024 to file a claim with the Army. Dkt. 14 ¶ 3.2. The Federal Defendants submitted a declaration from James Green, a management support assistant with the United States Army Claims Service. Dkt. 33. After searching the Army's record of claims, Green learned that no claims were ever filed by Howard IV or Ceja. *Id.* at 1. Plaintiffs do not contest Green's account. Accordingly, the Court finds that Howard IV and Ceja failed to administratively exhaust their claims against the Army prior to filing this case and grants the motion to dismiss their claims against the United States.

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS** - 7

**C.     Timeliness**

The Federal Defendants do not dispute whether Ms. Howard administratively exhausted her claim. They argue instead that Ms. Howard's claim is time barred because she "failed to file [her] complaint against the United States in federal court within six months after the Army denied her administrative claim," as required under 28 U.S.C. § 2401(b). Dkt. 30 at 9.

Plaintiffs concede that Ms. Howard's claim against the United States was brought to federal court long after the six-month deadline but make two arguments against dismissal. The Court will consider each in turn.

*1.     Commencement of an action under Section 2401(b)*

Plaintiffs' first argument concerns the interpretation of "action" within Section 2401(b). Section 2401(b) states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Plaintiffs argue that Ms. Howard's claim is not time-barred, as Section 2401(b) "requires that an 'action' be commenced within 6 months of the date of denial," and because "action" is not specifically defined in Title 28, this requirement of Section 2401(b) was satisfied when they initially filed a state civil action in Pierce County. Dkt. 34 at 6–7. Ms. Howard's administrative claim was denied on May 22, 2024. Dkt. 31-3 at 2. Plaintiffs filed their suit in Pierce County Superior Court on November 18, 2024. Dkt. 1-3 at 2.

In response, the Federal Defendants argue that "action" in Section 2401(b) has one meaning—a federal civil action—which did not timely commence, whether measured from the

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS - 8**

date the case was removed to federal court or from when the United States was added as a defendant. *See* Dkt. 36 at 12.[1]

Although the Ninth Circuit has not directly answered whether "action" contemplates only federal actions or both federal and state actions, there is persuasive authority that guides this Court's analysis. The Fourth Circuit considered this question in *Raplee v. United States* and concluded that "[t]he word 'action' in § 2401(b) has only one reasonable meaning: it refers to a federal civil action. The language of the statute and the context in which it occurs confirm this." 842 F.3d 328, 332 (4th Cir. 2016). The *Raplee* court reasoned that

> [t]he references to § 1346 in the FTCA confirm that the only type of civil action contemplated by § 2401(b) is a federal civil action. *See* 28 U.S.C. § 1346(b)(1). There can be no doubt that a plaintiff begins an action under the FTCA by bringing "[a] tort claim against the United States." 28 U.S.C. § 2401(b). But the federal district courts have exclusive jurisdiction over these claims. 28 U.S.C. § 1346(b)(1). Thus, a plaintiff cannot satisfy the FTCA's limitations period by filing an action with a state agency that lacks jurisdiction over such an action.

*Id.* at 332–33.

Although not addressing the precise question presented here, other courts have also described the "action" required by the statute as a federal civil action. *See, e.g.*, *Pascale v. United States*, 998 F.2d 186, 189 (3d Cir. 1993) ("Section 2401(b) provides that the federal action must be filed 'within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.'") (emphasis omitted); *Rink v. United States*, No. 3:18-CV-0337, 2020 WL 4819871, at *2 (M.D. Pa. Aug. 19, 2020) ("A tort claim against the United States, however, 'shall be forever barred' unless the claimant initiates a

---

[1] At some points in their brief, Plaintiffs misrepresent that "the Plaintiff . . . removed the case to District Court." Dkt. 34 at 7; *see also id.* at 3 ("The parties agreed to remove the case . . . for the purpose of adding the United States as a defendant and bringing an FTCA action."). But the record shows that Defendant Gemin removed the case to federal court under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, based on his allegation that he was covered by that statute as "a contractor of the United States Military." Dkt. 1 at 2.

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS** - 9

federal action 'within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.'"); *Collette v. Stratton V.A. Med. Ctr.*, No. 04-CV-1228 (FJS/DRH), 2006 WL 8451995, at *3 (N.D.N.Y. May 11, 2006) (Section 2401(b) "requires that a claimant file a claim with the agency involved within two years of the claim's accrual and commence the federal action within six months of denial of the claim."); *Tuck v. United States*, No. 21-CV-02889-NYW, 2022 WL 833367, at *6 (D. Colo. Mar. 21, 2022) ("Before initiating a federal action under the FTCA, the statute first requires a plaintiff to file a claim with the relevant federal agency within two years of the claim's accrual."); *Corley v. United States*, No. 14CV925NGGSMG, 2016 WL 5394705, at *4 (E.D.N.Y. Sept. 27, 2016) ("First, a tort claim must be 'presented to the appropriate Federal agency within two years' of its accrual; and second, any ensuing federal action must be commenced within six months after the agency mails its final denial.").

Although Plaintiffs filed a state civil action within six months of the denial of Ms. Howard's administrative claims, it does not satisfy Section 2401(b)'s requirement for a timely federal action. Unless Plaintiffs can show that equitable estoppel applies, Ms. Howard's claims against the United States are time barred. *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984).

> 2.    *Equitable Estoppel or Fraudulent Concealment*

Plaintiffs also argue that "the statute of limitations should be tolled due to equitable estoppel." Dkt. 34 at 3. Plaintiffs contend that equitable estoppel is warranted here because the delay in suing the Federal Defendants was due to the Army preventing Ms. Howard from learning that it owned the scuba gear Mr. Howard used. *Id.* at 5. Because of the Army's actions, Plaintiffs conclude, Ms. Howard reasonably believed that there was "no legitimate reason to involve the Army." *Id.*

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS** - 10

In response, the Federal Defendants make several arguments. First, they contend that Plaintiffs did not plead with "particularity any facts to support their equitable estoppel arguments." Dkt. 36 at 4. Second, they argue that ownership of the scuba gear was never discussed, "let alone concealed." *Id.* at 9.

"The doctrine of equitable estoppel, often referred to as fraudulent concealment, is based on the principle that a party 'should not be allowed to benefit from its own wrongdoing.'" *Est. of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (quoting *Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1004 (9th Cir. 2011)). "The doctrine 'focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit.'" *Id.* (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000)). The doctrine is also available to FTCA claims. *Young v. Mitsubishi Motors N. Am. Corp., Inc.*, No. C19-2070RSL, 2024 WL 169062, at *3 (W.D. Wash. Jan. 16, 2024) (citing *Dyniewicz*, 742 F.2d at 487).

The plaintiff carries the burden of pleading and proving the following elements of equitable estoppel: "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Id.* at *4 (citing *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991)). "[W]hen estoppel is sought against the government, 'there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government.'" *Id.* (quoting *Est. of Amaro*, 653 F.3d at 813).

To toll the statute of limitations under the doctrine of equitable estoppel, Plaintiffs must "plead with particularity any facts to support [their] equitable estoppel arguments" within their complaint. *U.S. ex rel. Marchese v. Cell Therapeutics, Inc.*, No. C06-168MJP, 2007 WL 2572347, at *3 (W.D. Wash. Sept. 6, 2007) ("However, Plaintiff's equitable estoppel argument relies on allegations in his response brief that were not pleaded in either the original or amended

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS - 11

complaints. Although Plaintiff suggests that he was not obliged to plead facts to support equitable estoppel in his complaint, the Ninth Circuit has held otherwise.") (citing *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006)). Here, Plaintiffs' equitable estoppel argument resides solely in their response to the Federal Defendants' motion to dismiss. Dkt. 34 at 3–6. They thus have failed to plead equitable estoppel as required by the Ninth Circuit and cannot toll the statute of limitations for Ms. Howard's claim. The motion to dismiss Ms. Howard's claims against the United States is therefore granted.

Even if a complaint is deficient, however, the Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.'" *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)). Based on the arguments in Plaintiffs' response brief, it is at least conceivable that Ms. Howard could allege facts to support a theory of equitable estoppel. Her claims against the United States are therefore dismissed without prejudice, and she is granted leave to amend her complaint by no later than June 12, 2026.

### V.    CONCLUSION

The Federal Defendants' motion to dismiss (Dkt. 30) is GRANTED as follows:

1.    All claims against the Department of Defense; United States Army; and United States Army Division of Morale, Welfare, and Recreation are DISMISSED with prejudice.

2.    Howard IV and Ceja's claims against the United States are DISMISSED with prejudice.

3.    Ms. Howard's claim against the United States is DISMISSED without prejudice.

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS** - 12

4.      Plaintiffs may amend their complaint by no later than June 12, 2026. If Plaintiffs amend their complaint, Defendants must respond within the time allowed by Federal Rule of Civil Procedure 15(a)(3).


Dated this 28th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

**ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS** - 13