UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORMA HOWARD, as Personal Representative for the Estate of George Howard III, GEORGE HOWARD IV and ANTHONY CEJA, Beneficiaries to the Estate of George Howard III,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF DEFENSE, UNITED STATES ARMY, UNITED STATES ARMY DIVISION OF MORALE, WELFARE AND RECREATION, PADI WORLDWIDE CORPORATION, A For Profit Corporation, PADI AMERICAS, INC. A For Profit Corporation, JOHN GEMIN and JANE DOE,<br><br>Defendants. | Case No. 3:25-cv-05343-TMC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

## I. ORDER

This case arises from the death of George Howard III during a scuba diving class held on Joint Base Lewis-McChord ("JBLM"). On May 28, 2026, the Court granted a motion to dismiss brought by the United States based on the statute of limitations under the Federal Tort Claims Act ("FTCA"). Dkt. 43. But the Court allowed Plaintiff leave to amend the complaint to plead equitable estoppel. *See id.* at 2. Plaintiff amended her complaint (Dkt. 44) and the United States

renewed its motion to dismiss (Dkt. 48). Plaintiff opposed the motion to dismiss (Dkt. 49) and the United States did not reply.

The statute of limitations under the FTCA is not a jurisdictional defense—indeed, this is what makes it subject to equitable tolling. *United States v. Wong*, 575 U.S. 402 (2015). The Court therefore analyzes the sufficiency of Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1). While the Plaintiff must plead and prove equitable estoppel, *see Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006), the Court still must take Plaintiff's factual allegations as true and draw reasonable inferences in her favor.

Applying that standard, the Court finds that Plaintiff's allegations are sufficient for the pleading stage. "The elements of estoppel are: (1) knowledge of the true facts by the party to be estopped; (2) intent to induce reliance or actions giving rise to a belief in that intent; (3) ignorance of the true facts by the relying party; and (4) detrimental reliance." *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991). "Additionally, for the government to be estopped there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Id.* Here, the amended complaint pleads that (1) the United States had actual knowledge that the Army owned the scuba gear and the procedures for loaning the equipment; (2) the United States undertook actions through denying or delaying access to the scuba gear that plausibly gave rise to a belief in the intent to induce reliance; (3) that Plaintiff did not know the true facts of who owned the gear; and (4) that Plaintiff relied to her detriment on the statements and actions of the United States in not filing suit against the United States until after she learned the true facts of ownership, by which point the statute of limitations had run. *See* Dkt. 44 at 2–3. Plaintiff's allegations of delaying or denying access to the gear are sufficient at the pleading stage to allege

affirmative misconduct, and there are sufficient allegations of serious injustice because Plaintiff otherwise showed diligence in pursuing her claims against the parties she believed were liable.

While later in its motion the United States makes summary-judgment style arguments, *see* Dkt. 48 at 11–17, it did not note the motion as one for summary judgment, and the Court finds these arguments are better addressed at a later stage of the proceedings so that the plaintiff has "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). While the United States might still prevail in its argument against equitable estoppel at a later stage of the case, it has not shown that it is entitled to dismissal of Plaintiff's claims on the pleadings. The motion to dismiss (Dkt. 48) is therefore DENIED.

Dated this 13th day of October, 2026.

Tiffany M. Cartwright
United States District Judge